ROBERT ECCLES, PROSECUTOR, v. TOWNSHIP COMMIT-
TEE OF EGG HARBOR TOWNSHIP, RESPONDENT.

Submitted October 14, 1932—Decided March 6, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *William I. Garrison.*

For the respondent, *Thompson & Hanstein.*

PER CURIAM.

In November, 1931, the prosecutor was elected tax assessor
of Egg Harbor township for a term of three years, beginning
July 1st, 1932. On June 30th, 1932, the township committee
passed an ordinance purporting to create a board of assessors
consisting of three members at a salary of $300 each per
annum, and on the same day by resolution appointed three
named persons, including Eccles as one. Two of the ap-
pointees qualified, but Eccles refused to do so and applied
for and obtained a rule to show cause why a writ of *certiorari*
should not issue to test the validity of the ordinance.

The township committee claimed the right to adopt the
ordinance under chapter 312 of the laws of 1926 (page 522).
This act undoubtedly does authorize such action, but it is said
that it was not complied with and that the act is unconstitu-
tional. The respondent contends to the contrary.

We think the legality of the proceedings of the township
committee is sufficiently doubtful to justify allowance of the
writ of *certiorari* applied for. The power of the township

committee rests upon the above statute. This provides that it shall not be operative until its provisions are accepted by ordinance of the governing body of the township. Whether it was constitutional in this respect raises a question which we think the prosecutor is entitled to have adjudicated. *Attorney-General Booth* v. *McGuinness,* 78 *N. J. L.* 346; 75 *Atl. Rep.* 455; *McCarthy* v. *Walter,* 108 *N. J. L.* 282; 156 *Atl. Rep.* 772. And we will not anticipate its ultimate disposition by further discussion.

The writ is therefore allowed.